UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OTIS ANTOINE, BEVERLY EDNY,

                Plaintiffs,

   -against-

CITIMORTGAGE, INC., KNUCKLES
KOMINSKI & ELLIOT,

                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
15-CV-5309 (JMA)(GRB)

**FILED
CLERK**
3/24/2017 4:02 pm
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

APPEARANCES:

   Otis Antoine
   103 Rutland Road
   Freeport, NY 11520
       *Pro Se Plaintiff*

   Beverly Edny
   103 Rutland Road
   Freeport, NY 11520
       *Pro Se Plaintiff*

   Ashley Sparrow Miller
   Akerman LLP
   666 Fifth Avenue 20th Floor
   New York, NY 10103
       *Attorney for Defendant CitiMortgage, Inc.*

   John E. Brigandi
   Knuckles Komosinski & Elliot, LLP
   50 Tice Boulevard Suite 183
   Woodcliff Lake, NJ 07677
       *Attorney for Defendant Knuckles Komosinski & Elliot, LLP*

   Jordan Jayce Manfro
   Knuckles Komosinski & Elliot, LLP
   50 Tice Boulevard Suite 183
   Woodcliff Lake, NJ 07677
       *Attorney for Defendant Knuckles Komosinski & Elliot, LLP*

**AZRACK, United States District Judge:**

This case arises out of a foreclosure action filed in state court. Plaintiffs allege that defendants' actions during the foreclosure proceedings violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., in numerous ways. Plaintiffs also bring a claim against defendants for intentional infliction of emotional distress (the "IIED" claim). Before the Court are defendants' motions to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the Court grants defendants' motions and dismisses plaintiffs' federal claims. Additionally, the Court declines to exercise supplemental jurisdiction over plaintiffs' IIED claim.

## I. BACKGROUND

The following facts are taken from plaintiffs' amended complaint, the record before the Court, and filings from the foreclosure action. In deciding a motion to dismiss, the Court may take judicial notice of public records, including state court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). The Court also considers exhibits—such as copies of the mortgage, mortgage assignments, and plaintiffs' notice of dispute—which are attached or integral to the amended complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

### A. The Freeport Mortgage

On May 31, 2006, plaintiff Otis Antoine executed a mortgage with non-party Argent Mortgage Company, LLC concerning a property located in Freeport, New York. (Miller Decl. Ex. A, ECF No. 20-2.) On June 25, 2010, through a series of assignments, defendant CitiMortgage, Inc. ("CitiMortgage") obtained the mortgage. (Miller Decl. Exs. B–E, ECF Nos. 20-3–6.) The assignment to CitiMortgage was recorded at the Nassau County Clerk's Office on July 13, 2010.

(Miller Decl. ¶ 6, ECF No. 20-1.) Plaintiffs allege that Antoine "discovered" the assignment "in the public recorder's office," but do not allege when they discovered it. (Am. Compl. ¶ 12, ECF No. 13.)

**B. The Foreclosure Proceeding**

In 2008, Antoine defaulted on the mortgage.[1] (Am. Compl. ¶ 10.) On July 29, 2011, defendant CitiMortgage, through its attorneys at defendant Knuckles Komosinski & Elliot, LLP (hereinafter "KK&E" and improperly named as Knuckles, Kominski & Elliot in the amended complaint), commenced a foreclosure action against Antoine in the Supreme Court of New York, Nassau County.[2] (Miller Decl. Ex. F, ECF No. 20-7.) Plaintiff Beverly Edny,[3] Antoine's mother and a resident of the Freeport property, was also served in the state action as a John Doe. (Miller Decl. Ex. H, ECF No. 20-9.)

Defendant CitiMortgage moved for judgment of foreclosure and sale. CitiMortgage v. Antoine, Index No. 11220/2011 (N.Y. Civ. Ct. Dec. 19, 2014). Plaintiffs opposed. (Miller Decl. Ex. M, ECF No. 20-14.) Plaintiffs argued, among other things, that defendant CitiMortgage was a debt collector under the FDCPA and did not have standing to foreclose on the mortgage. (Id.) Plaintiffs also challenged the validity of the mortgage and its assignment to CitiMortgage. (Id.) On May 13, 2015, the state court entered judgment of foreclosure and sale over plaintiffs' objections. (Miller Decl. Ex. O, ECF No. 20-16.)

---

[1] In the amended complaint plaintiffs state "[d]efendant alleges the Plaintiff defaulted on an alleged 'debt' as of May 1, 2008." (Am. Compl. ¶ 10.) Because the Court decides these motions on other grounds, the Court assumes Antoine defaulted on the subject mortgage in May 2008.

[2] Plaintiffs allege that this was not a foreclosure action, but rather a "debt collection action masquerading as a 'foreclosure' action . . . ." (Am. Compl. ¶ 15.) In the state proceeding, the only relief sought by CitiMortgage was foreclosure on the Freeport property. CitiMortgage did not seek a deficiency judgment against plaintiffs in their personal capacities. Because the Court considers plaintiffs' FDCPA claims, precise characterization of the state court proceedings is unnecessary.

[3] Plaintiff Edny is alternatively referred to as "Beverly Edny" and "Beverly Edney" in filings before this Court.

3

By an order to show cause, plaintiffs moved to stay the sale of the Freeport property. CitiMortgage, Index No. 11220/2011. Again, plaintiffs argued, among other things, that defendant CitiMortgage did not have standing to foreclose on the Freeport property. (Miller Decl. Ex. P, ECF No. 20-17.) CitiMortgage opposed. The Freeport property was sold at referee's auction on September 8, 2015. (Miller Decl. Ex. S, ECF No. 20-20.) The state court declined to sign the order to show cause and allowed the sale to proceed on October 29, 2015. (Miller Decl. Ex. R, ECF No. 20-19.)

While the motion to stay was pending, Edny served CitiMortgage with a "Consumer Notice of Dispute of Debt" dated July 20, 2015. (Am. Compl. ¶ 16, Ex. B, ECF No. 13-2.) To date, defendant CitiMortgage has not responded to this notice with a verification of the mortgage. (Id. ¶ 16.)

**C. The Instant Action**

Plaintiffs filed this suit against CitiMortgage and KK&E on September 14, 2015. (ECF No. 1.) In October 2015, both defendants requested a pre-motion conference to discuss anticipated motions to dismiss. (ECF Nos. 5, 6.) On January 22, 2016, plaintiffs filed an amended complaint. (ECF No. 13.) On March 2, 2016, the Court accepted the amended complaint. Both defendants then moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). (See ECF Nos. 20, 23.) In the amended complaint plaintiffs allege multiple violations of the FDCPA. Plaintiffs also reiterate their arguments that CitiMortgage did not have standing to foreclose on the Freeport property and that the mortgage and its assignment to CitiMortgage were invalid.

## II. DISCUSSION

**A. Standard for a Motion to Dismiss**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). Affirmative defenses, such as a time bar, are appropriately decided on a 12(b)(6) motion if it is clear from the face of the complaint that a limitations period has run. Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (citing Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)). When deciding a motion to dismiss, a court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Sira, 380 F.3d at 67. Furthermore, the Court may take judicial notice of public records, such as state court proceedings. Blue Tree Hotels Inv. (Canada), Ltd., 369 F.3d at 217.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and alteration omitted).

## B. Analysis

In the amended complaint, plaintiffs claim that defendants violated the FDCPA by foreclosing on the Freeport property. In particular, plaintiffs allege that defendants: (1) attempted to enforce the mortgage in an improper venue in violation of 15 U.S.C. § 1692i; (2) failed to provide disclosures in violation of 15 U.S.C. § 1692e(11); (3) failed to provide disclosures in

5

violation of 15 U.S.C. § 1692g(a); (4) failed to cease collection activities until verifying a debt in violation of 15 U.S.C. § 1692g(b); (5) communicated with Antoine in violation of 15 U.S.C. § 1692c(a); (6) created the false belief that a non-creditor was participating in a debt collection in violation of 15 U.S.C. § 1692j; and (7) engaged in harassing, oppressive, abusive, false, deceptive, misleading, unfair, and unconscionable practices in violation of 15 U.S.C. §§ 1692d–f.

Defendants argue that the FDCPA claims are (1) barred by the Rooker-Feldman doctrine, (2) precluded by the state court judgment of foreclosure, and (3) not plausibly pled. Defendants further argue that Antoine's claims should be dismissed because Edny, Antoine's pro se co-plaintiff, does not have the authority to litigate the action on Antoine's behalf. As explained below, the Court dismisses the FDCPA claims because: (1) plaintiffs have failed to state plausible claims to relief, and (2) review of issues already litigated before the state court is barred by preclusion principles. Because the allegations in the amended complaint are so clearly implausible or precluded by the state court judgment, the Court does not address the issues of subject matter jurisdiction or Edny's allegedly improper representation of Antoine.

The Court will now discuss each claim in turn, dismissing each as implausibly pled or precluded by the state court judgment of foreclosure where appropriate.

**1. Section 1692i Violation**

Plaintiffs allege that defendants violated § 1692i of the FDCPA by "attempting to enforce an alleged interest in real property in an improper venue." (Am. Compl. ¶ 39.)

The amended complaint, however, is devoid of any factual allegations indicating why the venue of the state foreclosure action was improper. And, even more importantly, the venue of the foreclosure action was clearly proper. The Court takes judicial notice of the location of the Freeport property. See Wallace v. New York, 40 F. Supp. 3d 278, 328 n.43 (E.D.N.Y. 2014)

6

(collecting cases). Because the Freeport property is located in Nassau County, venue was proper in the Supreme Court of New York, Nassau County. See 15 U.S.C. § 1692i(a)(1) ("Any debt collector who brings any legal action on a debt against any consumer shall . . . in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located . . . ."); N.Y.C.P.L.R. § 507 ("The place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated.").

Accordingly, the Court grants defendants' motions and dismisses this claim.

**2. Section 1692e(11) Violation**

The FDCPA prohibits a debt collector from making an initial communication with a consumer without disclosing that the debt collector is attempting to collect a debt and that any information obtained during the communication will be used for that purpose.[4] 15 U.S.C. § 1692e(11).

The Court has reviewed the amended complaint, but cannot discern any initial communication that would trigger defendants' disclosure requirements under this provision of the FDCPA. Plaintiffs allege, in conclusory fashion, that "[d]efendants failed to provide the requisite disclosure in the initial communication as defined in 15 USC § 1692e(11)." (Am. Compl. ¶33.) Plaintiffs, however, do not identify the specific communication to which they are referring. In fact, plaintiffs fail to identify any communication from defendants in the amended complaint.

To the extent that the summons and complaint in the foreclosure action can be construed

---

[4] Defendant KK&E disputes that it is a "debt collector" within the meaning of the FDCPA. Defendants also dispute that Edny is a "consumer" within the meaning of the statute. Because the Court grants the motions to dismiss on other grounds, the Court assumes that both defendants are "debt collectors" and Edny is a "consumer" within the meaning of the FDCPA.

7

as communications from defendants, these documents are explicitly excluded from § 1692e(11)'s disclosure requirements. 15 U.S.C. § 1692e(11) ("[T]his paragraph shall not apply to a formal pleading made in connection with a legal action."). Furthermore, even if the Court were to consider the summons and complaint to be initial communications, any claims relating to those documents would be time-barred. FDCPA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). The summons and complaint were served on plaintiffs around July 2011. Plaintiffs, however, did not file the instant lawsuit until September 2015, more than three years after the period to file an FDCPA claim expired.

Plaintiffs also allege, in conclusory fashion, that one of the assignments recorded in the Nassau County Clerk's Office constitutes an initial communication. (Am. Compl. ¶ 12 ("Plaintiff discovered an assignment in the public recorder's office. The assignment was an 'initial communication.'").) The Court fails to see how the mere assignment of a mortgage—even if notification of the assignment is sent to the debtor—can constitute an initial communication under the FDCPA. Moreover, even assuming that sending notice of an assignment might constitute an initial communication, plaintiffs do not allege that defendants ever communicated the fact or terms of <u>any</u> assignment directly to plaintiffs. The complaint explicitly alleges that the assignment was <u>not</u> sent to Antoine. Instead, plaintiffs allege that they discovered "the assignment" in the Clerk's Office. The Court fails to see how a public filing in the Clerk's Office, spontaneously discovered by a consumer, constitutes an "initial communication" within the meaning of the FDCPA.

Plaintiffs have failed to plausibly allege any violation of 15 U.S.C. § 1692e(11). Accordingly, the Court grants defendants' motions and dismisses this claim.

### 3. Section 1692g(a) Violation

The FDCPA also requires that debt collectors make certain disclosures regarding each debt

they attempt to collect within five days of an initial communication with a consumer. 15 U.S.C. § 1692g(a). As explained above, plaintiffs have not plausibly alleged that they received an initial communication from defendants. Accordingly, plaintiffs' claim under 15 U.S.C. § 1692g(a) necessarily fails. Moreover, even assuming the summons or complaint constitutes an initial communication, any claim under 15 U.S.C. § 1692g(a) based on those documents is time-barred.

Plaintiffs have failed to plausibly allege a violation of 15 U.S.C. § 1692g(a). Accordingly, the Court grants defendants' motions and dismisses this claim.

### 4. Section 1692g(b) Violation

Once a consumer receives an initial communication from a debt collector, the FDCPA grants the consumer thirty days to dispute the debt by sending the debt collector a notice of dispute. 15 U.S.C. § 1692g(b). A debt collector is then obligated to cease collection of the debt until the debt collector obtains verification of the debt. Id. Plaintiffs allege that they sent defendants a notice of dispute on July 20, 2015. (Am. Compl. ¶ 16.) Plaintiffs further contend that defendants violated the FDCPA when they continued to prosecute the foreclosure action before verifying the alleged debt after they received the notice of dispute. The Court disagrees.

Once again, plaintiffs do not identify any initial communication that would trigger plaintiffs' right to submit a letter disputing a debt, and by extension, defendants' obligation to respond to such a letter by verifying the debt. To the extent plaintiffs allege that the foreclosure action, filed on July 19, 2011, constitutes an initial communication, plaintiffs' notice of dispute dated July 20, 2015 was sent almost four years after the thirty-day window provided by statute expired.

Plaintiffs have failed to plausibly allege a violation of 15 U.S.C. § 1692g(b). Accordingly, the Court grants defendants' motions and dismisses this claim.

### 5. Section 1692c(a) Violation

The FDCPA also prevents a debt collector from communicating with a consumer (1) at any unusual and inconvenient time or place, (2) if the debt collector knows the consumer is represented by an attorney, and (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such information. 15 U.S.C. § 1692c(a).

Yet again, plaintiffs fail to identify <u>any</u> communication sent from the defendants to the plaintiffs, let alone a communication made under the circumstances prohibited by § 1692c(a). Even if the Court were to construe the defendants' foreclosure summons and complaint from the state court action as initial communications, there are no factual allegations in the amended complaint that suggest these communications were made at (1) unusual and inconvenient times or places, (2) directly to plaintiffs while they were represented by attorneys , or (3) plaintiffs' work places. Furthermore, any claim under 15 U.S.C. § 1692c(a) based on those documents is time-barred.

Plaintiffs have failed to plausibly allege a violation of § 1692c(a). Accordingly, the Court grants defendants' motions and dismisses this claim.

### 6. Section 1692j Violation

The FDCPA also provides,

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j. Plaintiffs allege that defendants violated this provision when "'CITI' and 'KNUCKLES' created the false belief in 'ANTOINE' that a creditor is participating in the

collection of a debt by designing, compiling, and furnishing forms to 'ANTOINE' when in fact no such creditor is participating . . . ." (Am. Compl. ¶ 36.) Other than this general assertion, plaintiffs provide no factual allegations to suggest that either defendant knowingly furnished any form in order to create a false belief that a non-creditor was participating in a debt collection. Plaintiffs do not even identify any specific forms that defendants sent to them.

It appears—although it is far from clear from the allegations contained in the amended complaint—that plaintiffs are attempting to allege that defendants violated this provision because, according to plaintiffs, CitiMortgage brought the foreclosure action without having an interest in the Freeport property. This argument is meritless. Essentially, plaintiffs are arguing that CitiMortgage did not have standing to pursue the foreclosure action and that the assignment of the mortgage to CitiMortgage was invalid. The Court notes, however, that the state court previously rejected these precise arguments when it issued the judgment of foreclosure and sale and declined to sign plaintiffs' proposed order to show cause. (Order to Show Cause, Miller Decl., Ex. R, ECF No. 20-19; see generally CitiMortgage, Inc., Index No. 11220/2011.) Although not raised by the parties, review of these arguments is precluded by the doctrine of collateral estoppel, or issue preclusion.[5]

"Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same.'" Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000). Whether relitigation of an issue is precluded is

---

[5] Defendants contend that plaintiffs' claims are barred by res judicata, or claim preclusion. A finding that plaintiffs' claims are barred by res judicata would require the Court to determine whether each of plaintiffs' specific FDCPA claims for statutory damages was raised, or could have been raised, as a claim or defense in the foreclosure action. Because the Court determines the related doctrine of issue preclusion is clearly appropriate here, the Court does not address defendants' res judicata arguments.

11

determined by the rules of the court that rendered the prior judgment. Id. "Under New York law, the doctrine of collateral estoppel requires that 'the issue in the second action [be] identical to an issue which was raised, necessarily decided and material in the first action.'" Hines v. HSBC Bank USA, No. 15-CV-3082, 2016 WL 5716749, at *9 (E.D.N.Y. Sept. 30, 2016) (quoting Parker v. Blauvelt Volunteer Fire Co., 93 N.Y.2d 343, 349 (1999)). Plaintiffs already challenged the validity of the assignment of the mortgage to CitiMortgage and CitiMortgage's standing to foreclose on the Freeport property in state court, and the state court necessarily rejected those arguments when it found CitiMortgage had a valid claim to the Freeport property, entered judgment of foreclose on that property, and declined to issue an order to show cause to stay the sale of that property. Accordingly, plaintiffs cannot relitigate these issues against defendant CitiMortgage in federal court. See Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 505–06 (S.D.N.Y. 2016). Plaintiffs are also precluded from litigating these issues against KK&E, despite the fact that KK&E was not a party to the initial suit in state court. See Jasper v. Sony Music Entm't, Inc., 378 F.Supp.2d 334, 343 (S.D.N.Y.2005) ("By binding the plaintiff to earlier judicial decisions in which he was a party, defensive collateral estoppel precludes a plaintiff from getting a second bite at the apple merely by choosing a new adversary."); see also Fequiere v. Tribeca Lending, No. 14-CV-812, 2016 WL 1057000, at *9–10 (E.D.N.Y. Mar. 11, 2016) (applying defensive non-mutual collateral estoppel to FDCPA claim).

Furthermore, to the extent that plaintiffs' claim rests on the allegation that CitiMortgage did not have an interest in the Freeport property, and so improperly filed the foreclosure action in 2011, that claim is time-barred.

Accordingly, the Court grants defendants' motions and dismisses this claim.

### 7. Sections 1692d–f Violations

Sections 1692d–f of Title 15 of the United States Code provide:

- A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

- A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. §§ 1692d–f. In the amended complaint, plaintiffs state, in conclusory fashion, that "[e]ven if defendants had a legitimate debt it would be in violation of § 1692d-f." (Am. Compl. ¶ 38.) Plaintiffs, however, fail to provide any factual allegations which plausibly suggest that defendants' conduct in the foreclosure action was harassing, oppressive, abusive, false, deceptive, misleading, unfair, or unconscionable in any way. At most, the amended complaint alleges that defendants filed a foreclosure action against the plaintiffs in state court when they did not have standing to do so. Again, the state court already rejected plaintiffs' arguments that the assignment to CitiMortgage was invalid and that CitiMortgage lacked standing to foreclose on the mortgage. Accordingly, plaintiffs are precluded from relitigating this issue in federal court. See infra II.B.6.

Furthermore, to the extent that plaintiffs' claim rests on the allegation that CitiMortgage did not have an interest in the Freeport property and so improperly filed the foreclosure action in 2011, that claim is time-barred.

The Court grants defendants' motions and dismisses this claim.

### 8. The Court Declines to Exercise Jurisdiction Over Plaintiffs' IIED Claim

Having addressed plaintiffs' federal claims, the Court now addresses plaintiffs' remaining state law claim. Plaintiffs allege that defendants intentionally inflicted emotional distress on the

13

plaintiffs by engaging in the conduct described above.

The Court declines to exercise supplemental jurisdiction over this claim and dismisses it without prejudice. Plaintiffs allege that the Court has jurisdiction over this claim based on 28 U.S.C. § 1367. Without federal claims to anchor this litigation, however, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, the Court declines to exercise jurisdiction over plaintiffs' IIED claim.

The Court has reviewed plaintiffs' remaining arguments and finds them to be without merit

## D. Leave to Amend

Pro se plaintiffs are ordinarily given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation omitted). Nevertheless, "a district court may deny a pro se plaintiff leave to amend when amendment would be futile." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009).

Here, the Court has carefully considered whether plaintiffs should be granted leave to amend the complaint. Having decided plaintiffs' venue claim on the merits, the Court determines that amendment of this claim would be futile. To the extent that plaintiffs' claims are time-barred,

14

the Court finds that any amendment of these claims would be futile. Additionally, because several of plaintiffs' arguments are barred by collateral estoppel, the Court finds that any amendment of these allegations would also be futile.

Even if plaintiffs' claims were not time-barred or precluded by collateral estoppel, the Court would still decline to grant plaintiffs leave to amend. First, the Court notes that plaintiffs have not requested leave to amend, nor have they described how further amendment would advance their claims across the line from implausible to plausible. Moreover, plaintiffs have already amended their complaint once. (See ECF No. 13).

For these reasons, the Court declines to grant plaintiffs leave to amend.

### III. CONCLUSION

For the reasons stated above, the Court grants defendants' motions and dismisses plaintiffs' federal claims. Additionally, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law IIED claim. The Clerk of Court is directed to close this case and send a copy of this Order to pro se plaintiffs.

**SO ORDERED.**

Dated: March 24, 2017
     Central Islip, New York

                                                       /s/ JMA
                                                       Joan M. Azrack
                                                       United States District Judge